UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
ICONIC IP HOLDINGS, LLC.,                          :
                                                   :
                    Plaintiff,                     :
                                                   :
        -against-                                  :   Civil Action No:
                                                   :
GERRIT'S BRANDS, INC., and,                        :
GERRIT J. VERBURG CO.                              :
                                                   :
                    Defendants                     :
------------------------------------------------------------x

## COMPLAINT

Plaintiff, ICONIC IP HOLDINGS, LLC. ("Plaintiff"), brings this action against Defendants GERRIT'S BRANDS, INC., and GERRIT J. VERBURG CO., (collectively referred to herein as "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin, unfair competition, cancellation of federal trademark applications, and related claims under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, N.Y. General Business Law § 360-l and New York Common Law. The Complaint arises from Defendants' unauthorized adoption, use, and applications of the designation "TEABERRY", which is identical to Plaintiff's TEABERRY Trademark. Defendants' use and registration of the TEABERRY name and mark for goods identical to, or highly related to, goods planned to be offered by Plaintiff under the TEABERRY Trademark

will and has confused, mislead and deceived the general public into believing that Plaintiff manufactures, sells, sponsors, approves or licenses Defendants' TEABERRY Gum products.

## THE PARTIES

2. Plaintiff, Iconic IP Holdings, LLC, is a Limited Liability Company organized and existing under the laws of the State of Delaware with its principal place of business at 155 East 29th Street 7G, New York, NY 10016.

3. Upon information and belief, Defendant Gerrit Brands Inc. is a corporation organized and existing under the laws of Florida with its registered address at 9 Island Avenue, Unit 1515, Miami Beach, Florida 33139.

4. Upon information and belief, Defendant Gerrit J. Verburg Co. is a corporation organized and existing under the laws of the State of Michigan with its registered address at 12238 Germany Road, Fenton, Michigan 48430.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121(a), as well as 28 U.S.C. §§ 1331, 1332 & 1338, and the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

6. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are of diverse citizenship.

7. Personal jurisdiction over Defendants is proper because Defendants solicit, transact, and do business within the State of New York and within this District.

8. Defendants' infringing Product is being marketed and sold in retail shops within this district, on internet sites, and interactive sites and upon information and belief by distributors and

retailers within this District and/or who do business with customers in this District, including but not limited to Economy Candy located at 108 Rivington Street, New York, NY 10002.

9. Defendants have caused and are causing injury within this District by advertising, distributing, and selling products bearing the infringing TEABERRY trademark.

10. Venue is proper in this District under 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

**PROCEDURAL HISTORY**

11. In February 2021, Plaintiff's principal business address and sole place of business was located within the Eastern District of New York.

12. On February 27, 2021, Plaintiff filed an action against Defendants for the same relief in the United States District Court Eastern District of New York, Civil Action No: 21-1068 ("Eastern District Case"). Before any proceedings on the merits, and prior to Defendants interposing Answers in the Eastern District Case, the Eastern District of New York Court transferred that case to the U.S. District Court Eastern District of Michigan, Case No: 221-cv-11463-GAD-CI. The transfer was on the basis that Defendants first filed lawsuit in Eastern District of Michigan was the proper venue. Thereafter, the Eastern District Court in Michigan dismissed that lawsuit, Case No: 221-cv-11463-GAD-CI, on the basis that there was no jurisdiction over Plaintiff in the Michigan lawsuit.

13. During the pendency of the lawsuit in Michigan Plaintiff moved its principal place of business within the Southern District of New York. At the time of filing this action, Plaintiff's principal and sole place of business is located within the Southern District of New York.

14. In both the prior New York action and the prior Michigan action Defendants claimed that the Teaberry Word Mark was "functional" and therefore not a valid registration and it was

improperly granted in the first instance when the Mark was Registered and assigned the registration number, 638559 by the USPTO on 12/11/1956.

15. Defendants' assertion, previously raised as a ground for invalidity, which is expected will be raised here again, that the 559 Registration is void *ab initio* as "functional" because Teaberry is an ingredient was and remains a knowingly false and frivolous claim.

16. Defendants attempt to circumvent the prohibition on challenging incontestable trademarks on descriptiveness grounds by merely reframing the challenge as one of "functionality" is something that they have repeatedly and improperly employed in prior litigation in this matter as well as in other separate trademark infringement litigation.

17. Because §1064(3) bars descriptiveness challenges but allows "functional" challenges, Defendants previously falsely represented that the USPTO rejection of its copycat application was a "functional refusal," rather than a "descriptive" refusal, and thereafter asserts that the term "Teaberry" is "functional".

18. "Functionality" has nothing to do with flavor and Defendants are well aware of that. Defendants' switch of the term "descriptive" with "functional" was no mere oversight or confusion but rather a deliberate attempt to protract litigation and litigate the rightful trademark owner into submission.

19. In this regard, Defendants' actions are improper, frivolous and malicious in that they lack and continue to lack an arguable basis in law and fact, they are based on an indisputably meritless legal theory and present factual contentions which are clearly baseless on the record.

20. The district court, including this honorable Court, has the power and obligation to protect the public and the efficient administration of justice from individuals or companies who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel

## HISTORY OF TEABERRY PRODUCT AND TRADEMARK OWNERSHIP

21. The Teaberry Gum Product was first used in commerce on July, 11, 1911 by its first recorded Trademark owner and registrant, Clark Brothers Chewing Gum Company.

22. The Teaberry Mark was first recorded on 02/20/1956 and Registered on 12/11/1956 and assigned the registration number, 638559 (hereinafter "Teaberry Mark" or "Mark").

23. On December 11, 1961 the registered owner of the Teaberry Mark filed a Combined Affidavit Under Section 8 and 15 (Incontestability), attached as **EXHBIT A**.

24. Through more than 10 transfers of ownership, the Teaberry Mark has remained active, and the Gum products on which the Teaberry mark was prominently displayed and continuously used in U.S. commerce for over 100 years until 2020 when its registered owner First Source, LLC ran into financial straits and was required to sell its assets, including the Teaberry brand and Mark, and ultimately closing its operation.

25. Throughout all transfers of ownership the Teaberry Mark was duly sold, and the new owners were assigned the Mark and duly registered their ownership. As the owners of the duly assigned and registered Mark, each new owner stood in the shoes, with all rights, of the predecessor owners.

26. All registered owners of the Mark prominently and consistently displayed the distinctive Teaberry Mark on the packaging for the Teaberry Gum products.

27. Teaberry Gum Products bearing the Teaberry Mark have been sold throughout the United States in various locations and trade channels, including Big Box, Grocery, Drug, Discount Specialty Retailers, Internet Websites and Online Stores.

28. Teaberry Products have been widely advertised and promoted, bearing the Teaberry Mark in a variety of media throughout the United States, including, but not limited to, national

television, radio, and through paid spokespersons and key opinion leaders and print advertisements, newsletters, digital, books and social media.

29. Teaberry Gum became nationally celebrated in the United States and internationally and was additionally popularized through a series of national commercials using music from a popular band and jazz musician, Herb Alpert and the Tijuana Brass. The Clark Chewing Gum Company commissioned Herb Alpert to rerecord "The Teaberry Shuffle".

30. The Teaberry Mark and the Teaberry Goods have received global press and media coverage. News stories, features and posts have appeared in print, online, and in broadcast television.

31. As a result of such advertising and promotion, as well as the unique taste of Teaberry Gum products, Teaberry Gum has enjoyed a favorable reputation among consumers throughout the United States.

32. As a result of substantial promotion, sales, marketing, and distribution, consumers in the United States associate and recognize the term "Teaberry" as standing for the Chewing Gum Brand, Teaberry Chewing Gum.

**PLAINTIFF'S TRADEMARK RIGHTS IN ITS TEABERRY TRADEMARK**

33. Plaintiff enjoys the valuable goodwill in the Teaberry Mark.

34. On February 12, 2021 Sun Valley, the registered owner of the Teaberry Mark, assigned its entire rights in the Teaberry Mark to Plaintiff, attached as **EXHIBIT B.**

35. On February 12, 2021 Sun Valley filed with assignment of the Teaberry Mark to Plaintiff with the United States Trademark and Patent Office, the receipt of filing is attached as **EXHIBIT C**.

36. On February 16, 2021 the USPTO recorded the assignment from Sun Valley to Plaintiff, Recordation of the assignment is attached as **EXHIBIT D**.

37. Iconic's registration provides prima facie evidence of the validity of the Teaberry® Mark and of Iconic's exclusive right to use its Teaberry® Mark in commerce pursuant to 15 U.S.C. § 1115(b), and the registration provides nationwide constructive notice of Iconic's exclusive rights pursuant to 15 U.S.C. § 1072.

38. The registration purchased and recorded by Iconic has been continuously and validly registered and carries with it the presumption of valid and enforceable rights.

39. Registration of the Teaberry Mark affords a legal presumption to the Plaintiff, the registered mark's validity and nationwide priority of rights dating to the filing date of the original registration.

40. Plaintiff had taken active and timely Research and Development steps to produce and return the Teaberry Gum Brand in its nostalgic stick gum format including, but not limited to, graphic design of the packaging, acquisition of the original formula and negotiation with a manufacturer which was equipped with the capabilities and willingness to produce the Teaberry Gum Brand stick gum for Plaintiff.

41. Plaintiff's acquisition of the Teaberry Trademark and Brand was with the intent and purpose to return Teaberry Gum to the market in its traditional, most recognizable and/or original stick gum format, trade dress, taste, appearance, mouth-feel, formula, aroma and in all other respects to duplicate the product in this original format.

42. Plaintiff licensed the use of the Mark to Iconic Candy, LLC for the purpose of bringing back to the U.S. market the traditional stick format of the Teaberry Gum Branded product.

# DEFENDANTS' EFFORTS TO OBTAIN REGISTRATION OF

# THE TEABERRY MARK

43. On April 17, 2020, Defendant, Gerrit's Brands, Inc., filed an application to register with the United States Patent and Trademark Office ("USPTO") the mark, Teaberry, for chewing gum, Serial No. 88876087.

44. On August 19, 2020, the USPTO issued an Office Action, relevant portion Attached as **EXHIBIT E**, for Defendant's application, Serial No. 88876087, stating in part:

   > *"Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 063855*9 [The Mark at issue]. *Trademark Act Section 2(d), 15 U.S.C. §1052(d); see TMEP §§1207.01 et seq. See the attached registration."*

45. USPTO's initial rejection of Defendants' copycat TEABERRY application was on the additional grounds that it is "merely descriptive," purportedly because "Teaberry is another name for Wintergreen and is used as a flavoring and ingredient in a variety of products including chewing gum."

46. On October 14, 2020, two months after receiving the USPTO Office Action, Defendant, Gerrit Brands, Inc., filed an application to register with the USPTO another Teaberry mark, adding "*Gerrit's*" before Teaberry ("Gerrit's Teaberry"), Serial No. 90254374 for Chewing Gum.

47. Additionally, on November 24, 2020, Defendant, Gerrit Brands, Inc., filed an application to register with the USPTO the stylized mark, "Gerrit's Teaberry", Serial No. 90339690 for Chewing Gum, attached as **EXHIBIT F**., see image of stylized Mark from the UPSTO application, (a trade dress similar to the look of the original stick gum used by all predecessors in interest:



48. On March 15, 2021, the USPTO again issued notices of refusal against both applications holding that they are confusingly similar to the existing TEABERRY Registration, and stating in part, ***"In this case applicant merely added the term "GERRIT'S to the registered mark "TEABERRY". Adding a house name to an otherwise confusingly similar mark will not obviate a likelihood of confusion under Section 2(d)."***

49. Gerrit J. Verburg, Chief Executive Officer of both Defendants, GERRIT'S BRANDS, INC., and GERRIT J. VERBURG CO has made several admissions against interest.

50. Mr. Verburg has admitted that Defendants' core business is acquisition, sales and distribution of well-known vintage candy brands, including vintage chewing gum brands and further admitted that its launch of such vintage brand-named chewing gums has been very successful to Defendants and has burnished in the marketplace Defendants' reputation as a source of high-quality vintage brand chewing gums.

51. Mr. Verburg has additionally admitted, when working on the launch of its Defendants' other vintage brand chewing gums, that he became interested, and actively attempted to, in acquiring and adding the Teaberry Brand to Defendants' roster of vintage chewing gum brands from the then-current Teaberry Mark owner(s).

52. That when Defendants were charged with unauthorized use of Plaintiff's Teaberry Mark in connection with the advertising, promotion, and offering of goods, Defendants claimed, contrary to their admissions, that their use of the Teaberry Mark is for the sole purposes of

manufacturing, distributing, advertising and selling a mint flavored gum and not an attempt toward, and the purpose of, trading on and benefiting from the substantial reputation and goodwill associated with the Teaberry Mark.

## **DEFENDANT'S WRONGFUL AND INFRINGING CONDUCT**

53. Without authorization from Plaintiff, and despite Plaintiff's predecessors' prior use of and rights in the Teaberry Mark, Defendants manufactured, and has offered and continues to offer on a national basis for sale, advertised, promoted, and distributed, including within this Judicial District and in interstate commerce, a Gum product under the name and mark Teaberry, thereby infringing Plaintiff's Teaberry Mark and creating a likelihood of confusion, mistake, and deception among consumers as to source, sponsorship, or affiliation.

54. On January 26, 2021 Counsel for Sun Valley, Plaintiff's Predecessor in the Mark, sent a Cease and Desist letter to Defendant Gerrit Brands, Inc., regarding Defendants' trademark infringement.

55. On or about February 8, 2021 Defendants released their Teaberry Products into the stream of commerce.

56. Defendants infringing Teaberry Products appeared and continue to appear for sale in retail stores within the Southern District, and on Internet Web sites.

57. All products sold by Defendants are marketed, promoted and sold under the Infringing Teaberry Mark.

58. The Infringing Teaberry product sold by Defendants is nearly identical in appearance to a traditional form of Plaintiff's Gum products and is confusingly similar to Plaintiff's Teaberry® Mark in appearance, sound, meaning, commercial impression and identical in spelling.

59. Despite notice from the USPTO, as aforementioned, and having received multiple notifications that their use of the Teaberry Mark constitutes an infringement of Plaintiff's valuable rights in the Teaberry® Mark, Defendants have nevertheless distributed and sold, and continue to expand sales of their products bearing the infringing Teaberry Mark throughout the United States.

60. Defendants' production, marketing, distribution and sale of Defendants' Goods bearing the Infringing and prominently displayed word Teaberry is likely to confuse and deceive consumers and harm Plaintiff's substantial reputation and goodwill and severely hampers Plaintiff's ability to relaunch the Teaberry gum in nostalgic stick packaging.

61. Defendants' infringement of Iconic's Teaberry® Mark is willful, deliberate and intentional.

62. Defendants are not affiliated with or sponsored by Plaintiff, and have not been authorized by Plaintiff to use its distinctive Teaberry® Mark or any mark confusingly similar thereto, including the Infringing Teaberry Mark, to identify their products.

63. Defendants' adoption and use of the Infringing Product prominently identifying the word "Teaberry" for its line of Defendants' Goods is likely to cause confusion, mistake or deception among purchasers and the consuming public as to the source, origin or sponsorship of Defendants' Goods.

64. Upon information and belief, Defendants plan to continue use of the Infringing Teaberry Mark in connection with the Teaberry Gum Goods, all to the damage and detriment of Plaintiff's reputation, goodwill and ability to successfully relaunch the traditional Teaberry product in its traditional stick gum format and future sales.

65. Therefore, this is an action for trademark infringement and trademark dilution, pursuant to Sections 32, 43(a), 43(c), and 43(d) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), (c), and

(d); and causes of action under Sections 349, 350, and 360-l of the New York General Business Law, and for violations of the New York State common law.

66. The district courts including this honorable Court has the power and obligation to protect the public and the efficient administration of justice from individuals or companies who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel.

## **FIRST CAUSE OF ACTION**

**(Trademark Infringement in Violation of 15 U.S.C. § 1114(1) / Lanham Act § 32(1))**

67. Plaintiff repeats and realleges each and every allegation of fact above as if set forth herein.

68. U.S. Trademark Registration No. 638559 for the Teaberry Mark is a valid and subsisting federally registered trademark. By virtue of this registration, the Teaberry Mark is entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

69. The Defendants' unauthorized use of Plaintiff's Teaberry Mark in connection with Defendants' advertising, promotion, and offering of goods is likely to cause confusion, mistake, or deception among consumers as to the source, origin, or sponsorship of such goods. The consuming public is likely to believe that Defendants' goods are somehow affiliated or associated with Plaintiff, when such is not the case.

70. By their unauthorized use of Plaintiff's Teaberry Mark in connection with the advertising, promotion, and offering of goods, the Defendants have infringed and continue to infringe the registered Teaberry Mark in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

71. The Defendants have continued their unlawful use of Plaintiff's Teaberry Mark despite receiving notice of Plaintiff's rights in said mark.

72. The Defendants' unauthorized use of Plaintiff's Teaberry Mark in connection with the advertising, promotion, and offering of goods, as alleged above, was intentionally done with a view toward, and the purpose of, trading on and benefiting from the substantial reputation and goodwill in the United States associated with the Teaberry Mark.

73. The Defendants' acts of trademark infringement, as alleged herein, have injured Plaintiff in that Plaintiff has suffered damages to its reputation and customer goodwill as a direct and proximate result of the Defendants' illegal conduct. In addition, the Defendants have been unjustly enriched by reason of their trademark infringement in that they have achieved profits, and the opportunity to earn future profits, as a direct and proximate results of their illegal conduct.

74. The Defendants' trademark infringement as alleged herein has caused, is causing, and will continue to cause irreparable and inherently unquantifiable injury and harm to Plaintiff's business, reputation, and goodwill, unless the Defendants' unlawful conduct is enjoined by this Court.

75. Plaintiff is entitled to recover all damages sustained by the Defendants' actions, all profits realized by the Defendants through their infringing use of confusingly similar imitations of Plaintiff's Teaberry Mark in connection with the advertising, promotion, and offering of goods, and the costs of this action.

76. The Defendants' actions have been willful and deliberate (and at least represent an "exceptional" case under 15 U.S.C. § 1117(a)), entitling Plaintiff to recover treble damages and/or profits and an award of reasonable attorneys' fees against Defendants.

## SECOND CAUSE OF ACTION

### (False Designation of Origin, Passing Off and Unfair Competition)

77. Plaintiff repeats and realleges each and every allegation of fact above as if set forth herein.

78. Plaintiff's Teaberry Mark is uniquely associated with Plaintiff, and identifies Plaintiff's goods to the public.

79. The Defendants' use, and threatened continued use, of a confusingly similar mark, in connection with goods similar to, or the same as, goods offered by Plaintiff, constitutes unfair competition, and false designations of origin as to the goods sold by and on behalf of the Defendants and comprise false and misleading representations.

80. As a direct and proximate result of the Defendants' false designations of origin and false and misleading representations, Plaintiff has been damaged, and unless the Defendants are restrained by this Court, Plaintiff will continue to suffer serious, irreparable injury.

81. Plaintiff is entitled to recover from the Defendants all damages sustained as a result of their acts. Plaintiff is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

82. The Defendants' conduct was intentional, and Plaintiff is entitled to an award of treble damages against Defendants.

83. Plaintiff is entitled to an order preliminarily and permanently enjoining the Defendants from further acts of unfair competition, false designations of origin, false advertising, and false and misleading representations.

84. The Defendants' acts make this an exceptional case, warranting an award of attorney fees and costs.

## THIRD CAUSE OF ACTION

**(Trademark Infringement and Unfair Competition Under New York Common Law)**

85. Plaintiff repeats and realleges each and every allegation of fact above as if set forth herein.

86. The Defendants' activities constitute knowing and willful trademark infringement and unfair competition under New York Common Law.

87. Defendants have continued their unlawful conduct despite receiving notice of Plaintiff's rights.

88. Defendants have unfairly competed with Plaintiff in violation of New York Law.

89. By adopting and using Plaintiff's Teaberry Mark, the Defendants have been unjustly enriched, and Plaintiff has been damaged. Plaintiff is entitled to recover all damages caused by the Defendants' infringement and unfair competition.

90. The Defendants' conduct was willful, intentional and in bad faith or intent and therefore Plaintiff is entitled to an award of punitive damages.

91. Unless enjoined, the Defendants' unfair methods of competition, and unfair and deceptive acts and practices, will cause Plaintiff further irreparable harm, and Plaintiff is entitled to injunctive relief.

## FOURTH CAUSE OF ACTION

**(Dilution Under New York Law – N.Y. General Business Law § 360-l)**

92. Plaintiff repeats and realleges each and every allegation of fact above as if set forth herein.

93. As a result of Iconic's Predecessor's extensive use and promotion of the Teaberry Mark and the goods offered thereunder, the Teaberry Mark is highly distinctive of its Registered Owner's goods and are widely recognized among the consuming public as a designation of source of its lawful and registered owner.

94. The Teaberry Mark was distinctive and widely known before Defendant commenced its unauthorized use of Teaberry as described herein.

95. Defendant's commercial use of Teaberry is diluting the Teaberry Trademark by impairing the distinctiveness thereof, thereby lessening the capacity of the Teaberry Trademark to identify and distinguish Iconic's exclusivity, in violation of Section 360-l of the General Business Law of the State of New York.

96. Defendant's conduct has caused and is causing irreparable injury to Iconic and will continue to both damage Iconic and deceive the public unless enjoined by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that a judgment be entered:

1. Preliminarily and permanently enjoining continued infringement of the Teaberry Mark by the Defendants and all persons operating in concert with the Defendants;

2. Preliminarily and permanently enjoining continued unfair competition with Plaintiff, dilution of the distinctiveness of Plaintiff's Teaberry Mark, engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein, and otherwise injuring Plaintiff's business reputation in any manner;

3. Ordering an accounting for and award of damages resulting from Defendants' sale, offer for sale, and marketing of its infringing goods;

4. Awarding treble damages against Defendants;

5. Awarding an assessment of interest on the damages;

6. Awarding Plaintiff's costs, expenses and attorney fees in this action; and,

7. Awarding to Plaintiff exemplary and punitive damages for violation of N.Y. Common Law unfair Competition and to deter any further willful and bad faith acts as the Court finds appropriate.

8. Awarding attorney's fees and fines against Defendants for frivolous and malicious litigation.

9. Granting such other and further relief as the Court deems appropriate.

Dated: June 10, 2022

                                                Respectfully submitted,
                                                /S/ *Kenneth B. Wiesen*
                                                (NYB # 1841683)
                                                Kenneth B. Wiesen, PLLC
                                                155 East 29th Street 7G
                                                New York, NY 10016
                                                wiesenlaw@gmail.com