UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ICONIC IP HOLDINGS, LLC, <br><br> Plaintiff, <br><br> -against- <br><br> GERRIT J. VERBURG CO. *and* GERRIT'S BRANDS, INC., <br><br> Defendants. | 22 Civ. 4897 (ER) <br><br> TRANSFER ORDER |

R<small>AMOS</small>, D.J.:

  Plaintiff brought this action on June 10, 2022 alleging trademark infringement, false designation of origin, unfair competition, cancellation of federal trademark applications, and related claims under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., N.Y. General Business Law § 360-l and New York common law.  For the following reasons, this action is transferred to the United States District Court for the Southern District of Florida.

## DISCUSSION

  Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  For venue purposes, a "natural person" resides in the district where the person is domiciled.  28 U.S.C. § 1391(c)(1).  And an entity that is not a person, "whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court' s personal jurisdiction with respect to the civil action in question."  § 1391(c)(2).

The Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03 Civ. 2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA*., 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where

plaintiff does not reside in the chosen forum and the operative events did not occur there.  *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer is appropriate in this case.  Defendants argue that personal jurisdiction may not be had over defendant Gerrit's Brands, Inc. in this district, but agree that there is personal jurisdiction over both defendants in Florida.  Doc. 6 at 2.  Further, the Court held a conference on August 5, 2022 at which Defendants indicated that the Southern District of Florida would be an appropriate venue, although they intended to raise *forum non conveniens* arguments should this case be transferred there.  Plaintiff also consented to transfer.  It is thus clear that the United States District Court for the Southern District of Florida is a proper venue for this action under § 1391(b)(3).  Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Southern District of Florida.  28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Florida.  A summons shall not issue from this Court.  This order closes this case.

SO ORDERED.

Dated:   August 5, 2022
         New York, New York

                                               EDGARDO RAMOS
                                      United States District Judge